**NATIONAL LOAN INVESTORS,**
Plaintiff–Appellee,

v.

**Antonio REALE and Nella Reale,**
Defendants–Appellants,

No. 02–7529.

United States Court of Appeals,
Second Circuit.

Jan. 15, 2003.

Jeffrey Cedarfield (Patrick Tomasiewicz, Fazzano, Tomasiewicz & Paulding, on the brief), West Hartford, CT, for Appellant.

Frederic S. Ury (Deborah M. Garskof, on the brief), Ury & Moscow, LLC, Westport, CT, for Appellee.

PRESENT: LEVAL, CABRANES, Circuit Judges, and CAROL B. AMON, District Judge.*

## SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 15th day of January two thousand and three.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of said District Court be and hereby is AFFIRMED.

Defendants-appellants Antonio Reale and Nella Reale timely appeal from a judgment entered April 2, 2001 in favor of plaintiff National Loan Investors following a bench trial before the District Court. The Complaint alleged that the transfer was a fraudulent conveyance in violation of Conn. Gen.Stat. § 52–552f (count one) and Connecticut common law (count two). The

District Court ruled in favor of defendants on count one and for plaintiff on count two, ordering Nella Reale to convey Antonio Reale's one-half undivided interest in the marital residence back to him because the transfer to his wife was a common law fraudulent conveyance. *See Travelers Indemnity Co. v. Rubin*, 209 Conn. 437, 441, 551 A.2d 1220 (1988) (holding, in the context of the predecessor statute to the UFTA (Conn.Gen.Stat. § 52–552), that "[t]he common law tort action to set aside a fraudulent conveyance of real property has not been statutorily excluded from § 52–577").

On appeal, defendants appeal the judgment entered in count two.

The District Court conducted a thorough and well-reasoned analysis of both the facts and the relevant law, and it properly concluded that the defendants engaged in a common law fraudulent conveyance of the marital residence.

We have considered all of plaintiff's claims and found them to be without merit. We affirm the judgment of the District Court, substantially for the reasons stated in its Findings of Fact and Conclusions of Law, entered April 2, 2001.

---

* The Honorable Carol B. Amon, of the United States District Court for the Eastern District of New York, sitting by designation.